UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



───────────────────────────────

ALEXANDRA B.,[1]

    Plaintiff,

v.                                                       20-CV-1566 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

───────────────────────────────

## DECISION AND ORDER

    Plaintiff Alexandra B. commenced this action under the Social Security Act, seeking review of the Commissioner of Social Security's determination that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 9. The Commissioner responded to the motion and cross-moved for judgment on the pleadings. Dkt. 11. Plaintiff replied. Dkt. 12.

    For the reasons discussed below, the Court grants Plaintiff's motion for judgment on the pleadings in part and denies the Commissioner's motion for judgment on the pleadings.

───────────────────────────────

[1] Pursuant to the Western District of New York's November 18, 2020, Standing Order regarding the naming of plaintiffs in Social Security decisions, this Decision and Order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

On May 31, 2017, Plaintiff applied for supplemental security income benefits, alleging disability beginning January 1, 2010. Tr. 52-54.[2] The claim was denied on September 15, 2017. Tr. 65. Plaintiff then filed a written request for a hearing on October 16, 2017. Tr. 73. The hearing took place before an administrative law judge ("ALJ") on June 18, 2019. Tr. 33-51. The ALJ then issued a written decision on October 15, 2019, denying Plaintiff's claim. Tr. 15-28. The Appeals Council denied Plaintiff's request for review. Tr. 1. Plaintiff then commenced this action. Dkt. 1.

## LEGAL STANDARD

### I. District Court Review

The scope of review of a disability determination involves two levels of inquiry. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes" of the Act. *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

---

[2] Dkt. 8 is the administrative transcript of proceedings before the Social Security Administration. All references to Dkt. 8 are denoted "Tr. __."

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted). The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citations omitted). But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). Indeed, if "a reasonable basis for doubt whether the ALJ applied correct legal principles" exists, applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## II. Disability Determination

ALJs evaluate claims using the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R. § 416.920. At the first step, the ALJ determines whether the claimant currently is engaged in substantial gainful employment. *Id.* § 416.920(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. *Id.* § 416.920(a)(4).

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 416.920(a)(4)(ii). If there are no severe impairments, the

claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. *Id.* § 416.920(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 416.920(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals an impairment listed in the regulations, the claimant is disabled. *Id.* § 416.920(a)(4)(iii). But if the ALJ finds that no severe impairment or combination of impairments meets or equals any in the regulations, the ALJ proceeds to step four. *Id.* § 416.920(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See id.* § 416.920(a)(4)(iv); *id.* § 416.920(d)-(e). The RFC is a holistic assessment of the claimant that addresses the claimant's medical impairments—both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for her collective impairments. *See id.* § 416.945. After determining the claimant's RFC, the ALJ completes step four. *Id.* § 416.920(e). If the claimant can perform past relevant work, she is not disabled and the analysis ends. *Id.* § 416.920(f). But if the claimant cannot perform past relevant work, the ALJ proceeds to step five. *Id.* § 416.920(a)(4)(iv); *id.* § 416.920(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See id.* §§ 416.920(a)(4)(v), (g); *Bowen v.*

*Yuckert*, 482 U.S. 137, 146 n.5 (1987). More specifically, the Commissioner must prove that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim by applying the five-step process outlined above. At step one, the ALJ determined that Plaintiff had not engaged in "substantial gainful activity" since May 31, 2017. Tr. 17. At step two, the ALJ determined that Plaintiff had the following severe impairments: "bipolar disorder, anxiety disorder, pervasive developmental disorder, autism disorder and obesity." *Id.*

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the listed in the regulations. Tr. 18. At step four, the ALJ determined Plaintiff's RFC:

> I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she can do simple, unskilled work, which should be "things-oriented", such as working with objects, or items. She can occasionally interact with the public. She can do occasional climbing, balancing, stooping, kneeling, crouching, and crawling, but with no climbing of ladders or scaffolds.

Tr. 20. The ALJ determined that Plaintiff had no past relevant work. Tr. 27.

In the fifth and final step, the ALJ considered Plaintiff's age, education, work experience, and RFC, as well as the testimony of a vocational expert, and determined that jobs exist in significant number in the national economy that Plaintiff can perform. Tr. 27.

As such, the ALJ concluded that Plaintiff was not disabled. Tr. 28.

## II. Analysis

### A. The ALJ did not err in evaluating the functional limitations provided by ACCES-VR.

Plaintiff argues that the ALJ failed to evaluate properly the functional limitations provided by the Office of Adult Career & Continuing Ed Services-Vocational Rehabilitation ("ACCES-VR"). Dkt. 9, at 15. Specifically, Plaintiff argues that the functional limitations described in the ACCES-VR records were more restrictive than the ALJ's RFC determination, so the ALJ should have reconciled that difference or explained his reasons for declining to accept the ACCES-VR findings. *Id.* at 17. The ACCES-VR records described several functional limitations for Plaintiff, including communication limitations, interpersonal limitations, self-direction limitations, work skills limitations, and work tolerance limitations. Tr. 512.

In the ALJ's decision, the ALJ stated that the ACCES-VR limitations were "assessed for purposes of the vocational program, and not pursuant to the rules for determining disability." Tr. 25. For that reason, the ALJ found them "inherently neither valuable nor persuasive" for determining Plaintiff's RFC. *Id.* (citing 20 C.F.R. § 416.920b(c)). Without articulating his analysis of the ACCES-VR

6

limitations, the ALJ concluded that the ACCES-VR functional limitations were "not inconsistent" with his RFC. *Id.*

20 C.F.R. § 416.920b(c) states that decisions made by other governmental agencies are inherently neither valuable or persuasive "to the issue of whether [Claimant is] blind or disabled under the Act." However, the ALJ should consider the supporting evidence underlying a governmental agency's opinion. 20 C.F.R. § 416.904. In other words, although the ACCES-VR's conclusion as to whether Plaintiff is disabled is not binding on the ALJ, the supporting evidence underlying that conclusion, if submitted, must be considered. *See id.*

The ACCES-VR is a nonmedical source and, as such, the ALJ is not required to articulate how he considered the ACCES-VR evidence. 20 C.F.R. § 416.920c(d). *See also See Byron D. v. Comm'r of Soc. Sec.*, 20-CV-1439, 2022 WL 860880, at *4-5 (W.D.N.Y. Mar. 23, 2022) (finding an ALJ does not need to articulate how evidence from a nonmedical source was considered but does need to demonstrate that it was considered); *Javon W. v. Comm'r of Soc. Sec.*, ___ F. Supp. 3d ___, 2022 WL 4363786, at *4 (W.D.N.Y. 2022) (noting an ALJ is not required to articulate how he or she considered evidence from a nonmedical source).

The ALJ's statement that the ACCES-VR limitations were not inconsistent with the limitations in the ALJ's RFC determination shows that the ALJ considered the ACCES-VR records. Tr. 25. The ALJ is not required to articulate how he considered that evidence. 20 C.F.R. § 416.920c(d); *Byron D.*, 2022 WL 860880, at

\*4-5. Therefore, the ALJ's failure to articulate further his consideration of the ACCES-VR limitations was not reversible error.

Plaintiff next argues that the ALJ did not consider the consistency of the ACCES-VR records with the opinion of treating provider PA-C Ramsperger. Dkt. 9, at 18. While Plaintiff is correct that an ALJ must evaluate the consistencies between a medical opinion and evidence from other medical and nonmedical sources in the claim, *see* 20 C.F.R. § 416.920c(c)(2), an ALJ is "not required to *articulate* how [it] considered evidence from *nonmedical sources*," *see* 20 C.F.R. § 416.920c(d) (emphasis added).

Upon review of the ALJ's decision, the Court is satisfied that the ALJ considered the records. Specifically, the ALJ's statement that limitations described in the ACCES-VR records are not inconsistent with the limitations assessed in the ALJ's decision is sufficient to demonstrate that the ALJ considered the records. The regulations do not require the ALJ to articulate his consideration any further. *See* 20 C.F.R. § 416.920c(d). The ALJ therefore did not commit reversible error in failing to evaluate properly the functional limitations provided by ACCES-VR.

The ALJ's evaluation of the ACCES-VR limitations was therefore based on substantial evidence, and Plaintiff's claim cannot succeed on this ground.

### B. The ALJ failed to explain why he did not incorporate limitations with regulating emotions, controlling behavior, and maintaining well-being, despite finding Dr. Ippolito's opinion persuasive.

Plaintiff also argues that the ALJ failed to explain why he did not adopt the limitations in Dr. Ippolito's opinion regarding regulating emotions, controlling

8

behavior, and maintaining well-being, despite finding Dr. Ippolito's opinion persuasive as a whole. Dkt. 9, at 19. Plaintiff asserts that the ALJ's RFC determination for "simple, unskilled work, which should be 'things oriented,'" and occasional interaction with the public did not account for those limitations expressed by Dr. Ippolito. *Id.* at 20-21.

The limitations expressed by Dr. Ippolito were "moderate limitations" for Plaintiff's ability to "regulate emotions, control behavior, and maintain well-being." Tr. 253-57. Dr. Ippolito also expressed mild limitations in understanding, remembering, and applying complex directions and instructions; using reason and judgment to make work-related decisions; interacting adequately with supervisors, coworkers, and the public; and sustaining concentration and performing a task at a consistent pace. *Id.*

An ALJ's failure to explain adequately the reasoning behind not including a claimant's mild-to-moderate mental limitations in an RFC is error. *Felix S. v. Comm'r of Soc. Sec.*, ___ F. Supp. 3d ___, 2022 WL 4486319, at *5 (W.D.N.Y. 2022) (remanding due to ALJ's failure to assess mental limitations in the RFC, despite finding the opinion expressing those limitations "persuasive"). Additionally, if a medical opinion expresses limitations in a claimant's ability to regulate emotions and behavior that are greater than those accounted for in the RFC, the ALJ must provide an explanation for adopting some limitations but rejecting others. *Marcia R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1236, 2021 WL 2379640, at *6 (W.D.N.Y. June 10, 2021). If the ALJ does not provide that explanation, "meaningful review is

frustrated," and the case should be remanded. *Id.* Further, remand is warranted when an ALJ finds an opinion expressing moderate limitations in regulating emotion, controlling behavior and maintaining well-being to be persuasive, but fails to account for those limitations in the RFC. *Jimmie E. v. Comm'r of Soc. Sec.*, 20-CV-0406, 2021 WL 2493337, at *5 (W.D.N.Y. June 18, 2021). While certain moderate limitations can be consistent with an RFC that limits a claimant to unskilled work, *see, e.g., Washburn v. Colvin*, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017), the ALJ must provide an explanation for how the assessed limitations affect the claimant's ability to perform that unskilled work, *Jimmie E.*, 2021 WL 2493337, at *5.

Here, the ALJ noted that Dr. Ippolito's opinion was persuasive because it was based upon a clinical examination of Plaintiff, and Dr. Ippolito has program knowledge of the requirements for establishing disability under the Social Security Administration's regulations. Tr. 25. The ALJ stated that the mild limitations assessed by Dr. Ippolito related to attention, concentration, and memory were fully accommodated by the RFC. *Id.* However, the ALJ did not comment on the moderate limitations related to regulating emotion, controlling behavior, and maintaining well-being. *See id.* This was error, because the ALJ was required to explain his reasoning for failing to include moderate mental limitations in the RFC. *Felix S.*, ___ F. Supp. 3d ___, at *5. Further, the ALJ was required explain his failure to account for limitations expressed in an opinion he found persuasive. *See Jimmie E.*, 2021 WL 2493337, at *5. The ALJ did not do so here.

10

Defendant argues that Plaintiff has failed to meet the burden to show that Dr. Ippolito's limitations are greater than those found by the ALJ. Dkt. 11, at 10 (citing *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018); and then citing *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009)). Plaintiff has met that burden by identifying limitations expressed by Dr. Ippolito that the ALJ, without explanation, did not include in the RFC. Because the ALJ did not explain his reasons for failing to adopt the moderate limitations expressed by Dr. Ippolito, it cannot be "presume[d] that the limitations in the RFC adequately address plaintiff's limitations in managing his emotions and behavior." *Christopher F. v. Comm'r of Soc. Sec.*, 1:20-CV-01062, 2022 WL 130764, at *4 (W.D.N.Y. Jan. 14, 2022).

Because the ALJ failed to provide an explanation for not incorporating the moderate limitations expressed by Dr. Ippolito in regulating emotions, controlling behavior, and maintaining well-being, his decision not to incorporate those limitations was not based on substantial evidence. Remand is warranted on this issue.

## CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's motion for judgment on the pleadings (Dkt. 9) in part and **DENIES** the Commissioner's motion for judgment on the pleadings (Dkt. 11). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   December 15, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE